UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL T. COX, | No. 2:13-cv-00945 AC P |
| Plaintiff, | |
| v. | ORDER |
| UNKNOWN, | |
| Defendant. | |

On May 8, 2013, plaintiff submitted a handwritten letter to the United States District Court, Northern District of California, complaining of delays in obtaining refills for his prescription medications. ECF No. 1. The Northern District informed plaintiff that he was required to pay the filing fee or obtain in forma pauperis status before the court could consider his initial filing. ECF No. 3. Additionally, because plaintiff was challenging conditions of his confinement at nearby Folsom State Prison, the case was transferred to this court. Plaintiff did not respond to the Northern District's previous instructions. Plaintiff is now incarcerated at California State Prison Sacramento (CSP-SAC).[1]

Plaintiff is informed that he cannot proceed with an action in this court unless he files a

---

[1] Plaintiff's present place of incarceration is identified in the Inmate Locator website operated by the California Department of Corrections and Rehabilitation. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also http://inmatelocator.cdcr.ca.gov/search.aspx.

1 complaint that conforms with the Federal Rules of Civil Procedure and Local Rules, and pays the
2 filing fee to commence this action or is granted in forma pauperis status pursuant to a properly
3 completed application.

4     Plaintiff's letter does not qualify as a complaint, see Fed. R. Civ. P. 8(a), and he cannot
5 commence a civil action without filing a proper complaint, see Fed. R. Civ. P. 3.  Plaintiff is
6 informed that a proper complaint must name the defendant or defendants ("Unknown" is not a
7 proper defendant),[2] and that a complaint premised on allegedly inadequate medical care must
8 allege facts supporting a plausible claim that defendant was deliberately indifferent to plaintiff's
9 serious medical needs.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Duffy, 588
10 F.2d 740, 743-44 (9th Cir. 1978); see also Farmer v. Brennan, 511 U.S. 825, 837 (1994) (plaintiff
11 must allege facts supporting a reasonable inference that a specific prison official knew of and
12 disregarded an excessive risk to plaintiff's health; "the official must both be aware of the facts
13 from which the inference could be drawn that a substantial risk of serious harm exists, and he
14 must also draw the inference.").

15     Plaintiff will be provided the opportunity to file a proper complaint, and to submit an
16 application requesting leave to proceed in forma pauperis or the appropriate filing fee of $400.00
17 ($350.00 plus the $50.00 administrative fee).[3]  See 28 U.S.C. §§ 1914(a), 1915(a).

18     In accordance with the above, IT IS HEREBY ORDERED that:

19     1. Plaintiff is granted thirty days from the filing date of this order to file a complaint that
20 complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and
21 the Local Rules.  The complaint must bear the docket number assigned this case.  Plaintiff shall

---

[2] Plaintiff is further advised that the use of "Doe" defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Where the identity of a defendant cannot be known prior to the filing of a complaint, plaintiff should be given an opportunity through discovery to identify the defendant, Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999), and may then move to file an amended complaint to add the newly-named defendant, Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).  However, in the instant case, plaintiff has been accorded sufficient time since the submission of his May 2013 letter to identify one or more defendants allegedly responsible for the delay in plaintiff's prescription medications.

[3] Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.  If leave to file in forma pauperis is granted, plaintiff will be required to pay a filing fee of $350.00, but will be allowed to pay the fee in installments.

1  also submit, within thirty days from the filing date of this order, an application to proceed in
2  forma pauperis on the form provided herewith, or pay the required filing fee.
3      2. The Clerk of the Court is directed to send plaintiff the court's form for filing a prisoner
4  civil rights complaint, and the application to proceed in forma pauperis by a prisoner.
5      3. Plaintiff's failure to comply with this order will result in a recommendation that this
6  action be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 41(b).
7  DATED: January 29, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE